(No. 5291. February 6, 1930.)

STATE, Respondent, v. EDWIN B. GLADISH, Appellant.

[284 Pac. 1034.]

Ira W. Kenward, for Appellant, cites no authorities on points decided.

W. D. Gillis, Attorney General, and S. E. Blaine, Assistant Attorney General, for Respondent.

GIVENS, C. J.—Respondent foreclosed a real estate mortgage against appellant and others, and thereafter herein

sought a writ of assistance to secure possession of the premises. It is extremely difficult to determine from appellant's brief what he assigns as errors, but evidently there are three which will be treated in order.

First, appellant claims title adverse to respondent because respondent paid the taxes which appellant had allowed to become delinquent, and the deed following such redemption ran to appellant. This deed was dated May 14, 1925. The judgment of foreclosure was entered July 8, 1926.

 There are several reasons why appellant's contention cannot be sustained; first, this was a matter to be determined in the foreclosure action and he is concluded by that judgment; secondly, if any title passed to appellant, which did not because respondent made the redemption, such title would inure to the benefit of respondent. (C. S., sec. 6361.)

 After the original complaint in foreclosure was filed and summons issued, but before summons was served, respondent ascertained that Mordecai M. Gladish, one of the defendants, had died and Henry A. Gladish had been appointed administrator of his estate. Whereupon an amended complaint was filed, the original summons returned unserved and an *alias* summons issued, which together with the amended complaint was served upon all of the then defendants, including the appellant herein. Appellant urges that the original complaint should have been served with the amended complaint. Both are in the transcript and show that the same cause of action was stated in each. There is no showing that the procedure adopted resulted in any prejudice whatever to appellant, and on such service the court had jurisdiction to enter the decree of foreclosure.

 Appellant's last contention is that during the year's period of redemption respondent destroyed a very valuable orchard on the premises which deprived appellant of the opportunity to redeem, urging that this being an equitable action respondent should come in with clean hands before it can ask for and receive the relief sought. Appellant's offer of proof in connection with the destruction of the

orchard did not show that the respondent as mortgagee destroyed the orchard.

The state, of course, acts in many capacities and unless the state as mortgagee destroyed the orchard, it as mortgagee would not be responsible for any consequences flowing therefrom. In other words, if the orchard was destroyed by the state under its police power to eradicate scale or other pests, that would have no bearing upon respondent's rights as mortgagee.

The judgment is affirmed. Costs awarded to respondent.

Budge and Lee, JJ., and Koelsch, D. J., concur.

Varian, J., being disqualified, did not participate in the decision.